**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **REGINALD B. COLLEY, SR.**,<br><br>               Plaintiff,<br><br>v.<br><br>**SEPTA, *et al.***<br><br>               Defendants. | Civil Action No. 20-5794 (ZNQ) (JBD)<br><br>**OPINION** |

**QURAISHI, District Judge**

  **THIS MATTER** comes before the Court upon an Order to Show Cause that directed Plaintiff to show cause as to why his Complaint should not be dismissed based on the doctrine of res judicata.[1]  (ECF No. 29.)  Plaintiff responded on November 30, 2022.  (ECF No. 30.) Defendants did not respond.  After careful review of Plaintiff's submission, the Court has determined that it cannot make an informed decision as to whether Plaintiff's claims are barred by res judicata.  The Court therefore withdraws its Order to Show Cause and proceeds to considering a Motion to Dismiss filed by Defendants SEPTA ("SEPTA") and Steve Hemmingway ("Hemmingway") (collectively, "Defendants") for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  ("Motion," ECF No. 24.)  Plaintiff Reginald B. Colley. Sr. ("Plaintiff") opposed the Motion, filing both an opposition brief, (ECF No. 25) and an amended

---

[1] In issuing the Order to Show Cause, the Court ordered the Clerk's Office to administratively terminate the then-pending Motion to Dismiss (ECF No. 24).

opposition brief ("Am. Opp'n Br.", ECF No. 26).[2]  Defendants did not file a reply.  The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[3]  For the following reasons, the Court will GRANT Defendants' Motion to Dismiss.

## I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff filed his complaint for employment discrimination on May 5, 2020 against SEPTA and Steve Hemmingway.[4]  ("Compl.", ECF No. 1).  Plaintiff, proceeding in this matter pro se, is a resident of Trenton, New Jersey.  (*Id*. at 3.)  The Complaint lists Defendants' addresses in Philadelphia, Pennsylvania.  (Id.)

Plaintiff claims he was reprimanded by Hemmingway for "looking out the window."  (*Id*.)  Plaintiff asserts that he explained to Hemmingway "that for safety[,] [he] had to look out the passenger window before driving off."  (*Id*.)  After which, Hemmingway reprimanded Plaintiff, informing him "that [he] didn't have to look out of the window and to just drive."  (*Id*.)  Hemmingway "shook his head and said this is why I don't like to hire people your age."  (*Id*.)  Plaintiff was fired the next day.  (*Id*.)

## II.    <u>JURISDICTION</u>

The Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy is over $75,000.

---

[2] For purposes of this Motion, the Court recognizes Plaintiff's amended opposition brief as the operative opposition brief.

[3] For the sake of brevity, all references herein to "Rule" will be to the Federal Rules of Civil Procedure.

[4] For purposes of this motion, the Court will take all facts alleged in the Complaint as true.  *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992).

### III.    LEGAL STANDARD

#### A.    *Pro Se* **Complaints**

Plaintiff in this matter is proceeding *pro se*.  "The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.,* 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) ).  "Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).  "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997).  "[T]here are limits to [the courts'] ... flexibility.... [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013).  "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

#### B.    Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant.  Rule 4(e) authorizes federal courts to exercise "personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.,* 149 F.3d 197, 200 (3d Cir.1998) (internal citations omitted).  "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd*., 496 F.3d

312, 316 (3d Cir. 2007) (citing *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir.), *cert. denied*, 506 U.S. 817 (1992) (citations omitted).

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citing *DeJames v. Magnificence Carriers, Inc*., 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'" *Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); see also *Burger King Corp*., 471 U.S. at 472, 475 (internal citations omitted).

4

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider whether such contacts are related to or arise out of the cause of action at issue in the case.  The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).  If the cause of action has no relationship to a defendant's contacts with a forum state, the Court may nonetheless exercise general personal jurisdiction if the defendant has conducted "continuous and systematic" business activities in the forum state.  *Id*. at 416.

If the Court determines that the defendant has minimum contacts with the forum state, it must then consider whether the assertion of personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice'" to satisfy the due process test.  *Burger King Corp*., 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320).  In this regard, it must be reasonable to require the defendant to litigate the suit in the forum state, and a court may consider the following factors to determine reasonableness: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining an efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.  *Id*. at 477 (citing *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980)).

## IV.    DISCUSSION

### 1.  General Jurisdiction

Plaintiff has not pled any facts supporting, let alone establishing, that SEPTA would be subject to New Jersey's exercise of general personal jurisdiction.  The Third Circuit has recognized that it is "'incredibly difficult to establish general jurisdiction [over a corporation] in a forum other

than the place of incorporation or principal place of business.'" *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) (quoting *Chavez v. Dole Food Company, Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)).

Plaintiff lists his address as being in Trenton, New Jersey.  (Compl. at 3.)  While Plaintiff lists SEPTA's address as being in Philadelphia, Pennsylvania, he fails to plead SEPTA's state of incorporation.  (*See id*.)  This question is easily answered because in at least one previous decision, this Court already concluded that SEPTA is not a corporate citizen of New Jersey based upon information publicly available from the Pennsylvania Department of State.  *Norkunas v. Southern Pennsylvania Transportation Authority*, Civ. No. 19-627, 2019 WL 6337913, at *3 (D.N.J. Nov. 27, 2019) (citing *Amansec v. Midland Credit Mgmt.*, Civ. No. 2:15-cv-08798, 2017 WL 579936, at *5 (D.N.J. Jan. 20, 2017)).

The Complaint alleges no other basis upon which the Court could exercise general personal jurisdiction over SEPTA.[5]

As to Hemingway, the Complaint identifies his address as Philadelphia, Pennsylvania.  (*See* Compl. at 3.)  Accordingly, Hemmingway is not a citizen of New Jersey either, and the Complaint alleges no other basis for the Court to exercise general personal jurisdiction over him.  Therefore, the Court concludes that Defendants are not subject to its general personal jurisdiction.

2.  <u>Specific Jurisdiction</u>

In the absence of general jurisdiction, Plaintiff must establish specific jurisdiction over Defendants.  Plaintiff must show that (1) Defendants purposefully availed themselves of the privilege of conducting activities in New Jersey, *Asahi Metal Indus.*, 480 U.S. at 109; (2) the alleged harm arises from SEPTA's contacts with New Jersey, *Helicopteros*, 466 U.S. at 414; and

---

[5] While Plaintiff argues that New Jersey has personal jurisdiction over SEPTA because SEPTA does business every day in New Jersey (Am. Opp'n Br. at PageID 176), such allegation is not included within the Complaint.

(3) Defendants expressly aimed their tortious conduct at New Jersey such that this forum constitutes the focal point of the tortious activity, *IMO Industries*, 155 F.3d at 266.

Viewing the Complaint in the light most favorable to the *pro se* Plaintiff, Plaintiff has failed to make such showings.  In fact, the Complaint neglects to plead the place where the alleged discrimination occurred.

As such, the Complaint fails to establish any basis on which this Court may exercise personal jurisdiction over Defendants. *See id*.

## V.   <u>CONCLUSION</u>

For the reasons stated above, the Court will **GRANT** Defendants' Motion to Dismiss.  The Court will grant Plaintiff leave to file an Amended Complaint within 30 days, limited to those amendments needed to remedy the jurisdictional defect identified in this Opinion.  (Should Plaintiff wish to amend his Complaint beyond that scope, he shall seek leave from the Magistrate Judge within 30 days to file a Motion to Amend his Complaint.)  In the alternative, within 30 days, Plaintiff may move to transfer this matter to the United States District Court for the Eastern District of Pennsylvania.  Failure to act before the 30-day deadline may result in the dismissal of this suit with prejudice.  An appropriate Order will follow.


Date: **May 3, 2023**


                 s/ Zahid N. Quraishi
                 **ZAHID N. QURAISHI**
                 **UNITED STATES DISTRICT JUDGE**